UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TKT-NECTIR GLOBAL STAFFING, LLC, | ) ) ) | Civil Action No. 3:18-CV-099-CHB |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS AND MOTION TO VACATE** |
| MANAGED STAFFING, INC, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Managed Staffing, Inc's ("Managed Staffing") Motion to Dismiss for Insufficient Service of Process [R. 11] and Motion to Vacate Default Judgment [R. 13]. The defendant removed this case from the Circuit Court of Jefferson County, Kentucky on February 16, 2018 on the basis of diversity jurisdiction. [R. 1] The defendant then filed the instant motions on March 9, 2018 and April 10, 2018, respectively. [R. 11, R. 13] Both motions argue that process was improperly served, warranting the dismissal of the Complaint (or the quashing of service) and the vacatur of the default judgment entered in the state court. *See Id.* These motions have now been fully briefed. [R. 12, R. 14, R. 16, R. 17] For the reasons stated herein, the Court will grant the Motion to Vacate, but will deny the Motion to Dismiss, and will grant the plaintiff additional time to properly serve the defendant.

I. **Analysis**

"When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *United States v. Real Prop. & Residence Located at 4816 Chaffey Lane*, No. CIV.A 5:08-CV-410JMH, 2010 WL 147211, at \*2 (E.D. Ky. Jan. 8, 2010) (citation omitted); *Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287

(6th Cir. 2001). "Kentucky law determines the validity of service in state court prior to the defendant's removal." *Ashford v. Bollman Hat Co.*, No. CIV.A. 10-192-JBC, 2011 WL 127153, at *2 (E.D. Ky. Jan. 14, 2011) (citing 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed. 2010)); *see also Bates v. Harp*, 573 F.2d 930, 933 (6th Cir. 1978) (analyzing adequacy of service prior to removal under applicable state law).

The defendant argues that, assuming that the plaintiff meant to invoke Kentucky's long-arm statute as the basis for personal jurisdiction, Ky. Rev. Stat. Ann. § 454.210 governs the proper method for service of process. [R. 11 at 2] The plaintiff does not dispute this. Under Kentucky's long-arm statute, when personal jurisdiction over a person is authorized by that statute, "service of process may be made on such person, or any agent of such person, in any county in this Commonwealth, where he may be found, or on the Secretary of State who, for this purpose, shall be deemed to be the statutory agent of such person." Ky. Rev. Stat. Ann. § 454.21(3)(a). The statute is read such that the person or his agent must be found within the state of Kentucky. *See Capital Delivery, Ltd. v. PJ COMN Acquisition Corp.*, No. 3:11-CV-440-H, 2012 WL 122569, at *1 (W.D. Ky. Jan. 17, 2012); *Smith v. Kentucky Fried Chicken*, No. CIV.A. 06-426-JBC, 2007 WL 162831, at *2 (E.D. Ky. Jan. 18, 2007) (reading statute to require service on a person "where he may be found [in Kentucky]").

Here, it is clear that the defendant was not served in accordance with Kentucky's long-arm statute. As the defendant states in its Motion to Dismiss, "the only attempt at service was via certified mail to Managed Staffing's agent for process, 'Mr. Abid Abedi' at 1581 Dallas Parkway, Addison, Texas 75001. The [certified] mail receipt card indicates that it was actually received by

Joy Miles, not the agent for process."[1] [R. 11 at ¶ 2] "Valid proof of service on the record create[s] a presumption of valid service, a presumption a defendant must overcome." *Evans v. Molina*, No. 5:14-CV-00330, 2015 WL 5723590, at *3 (E.D. Ky. Sept. 29, 2015) (internal quotation marks and citations omitted). However, the Court finds that the defendant has overcome this presumption. As shown by the certified mail receipt, this attempt at service was addressed neither to the Secretary of State, nor to anyone found within the state of Kentucky.

Thus, the defendant has overcome the presumption of proper service, and the plaintiff has not met its burden to prove that proper service was effected. There is no other attempt at service evidenced in the record. Further, the plaintiff does not articulate any argument that service need not have been made in compliance with Kentucky's long-arm statute and was properly completed pursuant to another provision of Kentucky law.

The plaintiff's remaining counter-argument is that the defendant should be equitably estopped from claiming lack of notice or service because it "purposely ignored" the litigation despite having actual notice. [R. 12 at 2] However, the sole case the plaintiff cites in support of this argument, *Ashford v. Bollman Hat Co.*, provides no support for the proposition that actual notice is a basis for equitable estoppel in the context of service of process. On the contrary, in *Ashford*, service was properly effected pursuant to Kentucky's long-arm statute, and the court applied equitable estoppel to an argument concerning the running of the removal period - not an argument concerning failure to properly serve the defendant. *Ashford v. Bollman Hat Co.*, 2011 WL 127153 at *2-3.

---

[1] It appears that the parties repeatedly filed the wrong document as the return of service during the course of briefing these motions. The Court is satisfied that the document filed in the record at R. 1-2 at 46 has been identified as the certified mail receipt card at issue.

This Court has not only the ability but the duty to vacate, pursuant to Fed. R. Civ. P. 60(b), a void default judgment - including one rendered by a state court prior to removal. *See, e.g., Labuy v. Peck*, No. 5:10-CV-158-JMH, 2010 WL 4313336, at *4 (E.D. Ky. Oct. 25, 2010) (citing *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 902 (6th Cir. 1955)) (holding that federal court could vacate default judgment rendered by state court and that "[u]pon proper removal, this Court will take the case 'as though everything done in the state court had in fact been done in the federal court.'"); *Bertram v. MetLife*, No. 3:06CV-362-S, 2007 WL 594699, at *3 (W.D. Ky. Feb. 16, 2007) (same); *Montgomery v. Citimortgage, Inc.*, No. 10-11729, 2010 WL 2630440, at *2 (E.D. Mich. June 28, 2010), *aff'd* (July 14, 2014) (citing *Munsey*, 227 F.2d at 903) ("[A]ny judgment in danger of being set aside in a state court faces the same hazard after a case has been removed to a federal forum"); Ky. R. Civ. P. 60.02 (authorizing relief from a final judgment on various grounds, including that it is void).

Failure to properly serve the defendant with process renders a default judgment void and subject to being set aside. *Foremost Ins. Co. v. Whitaker*, 892 S.W.2d 607, 609 (Ky. Ct. App. 1995) ("[B]ecause service upon [the defendant] by the Secretary of State was insufficient, the default judgment entered by the trial court was void under CR 60.02(e) for want of personal jurisdiction"); *Empire Servs., Inc. v. Kanza*, 996 F.2d 1214 (6th Cir. July 1, 1993) (unpublished table opinion) ("If service of process was not proper, the court must set aside the default judgment"); *Soloway v. Huntington Nat'l Bank*, No. 1:12-CV-507, 2013 WL 12122008, at *3 (W.D. Mich. June 5, 2013) ("Entry of default and default judgment must be set aside . . . where service of process was improper. . . . If the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (citations omitted) (internal quotation marks omitted); *Bertram v. MetLife*, 2007 WL

594699 at *3 ("We find that good cause has been shown for setting aside the default and damages judgments. Service upon [the defendant] having been insufficient, the judgments are void"). Thus, because service was improper in this case, the default judgment was void and the Court will grant the Motion to Vacate.

A failure to properly serve the defendant can also result in dismissal of a removed case. *See, e.g., Bates*, 573 F.2d at 932 (affirming district court's dismissal of action where district court held that plaintiffs' failure to obtain sufficient process under state law deprived federal court of jurisdiction); *Capital Delivery*, 2012 WL 122569 at *1. However, "the better practice is to quash insufficient service of process unless it is clear that the plaintiff cannot effect proper service." *Smith v. Kentucky Fried Chicken*, No. CIV.A. 06-426-JBC, 2007 WL 162831, at *3 (E.D. Ky. Jan. 18, 2007); *see also* 28 U.S.C. § 1448 (authorizing completion of service or issuance of new process pursuant to the Federal Rules of Civil Procedure where process served prior to removal proves to be defective). It is far from clear to the Court that the plaintiff cannot effect proper service. Further, Fed. R. Civ. P. 4(m) provides for additional time for a plaintiff to properly serve a defendant even where service has not been timely made. *Capital Delivery*, 2012 WL 122569 at *2. Under Fed. R. Civ. P. 4(m), "the Court must first determine whether there is good cause for Plaintiffs' failure to timely execute service. If not, the Court must determine in its discretion whether to dismiss the action or allow Plaintiffs additional time." *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011). The plaintiff bears the burden of showing good cause. *Id.*

Here, the plaintiff did not articulate any reason for its failure to timely execute service, and thus has failed to show good cause. However, because it appears that the defendant will not be prejudiced in so doing, the Court will exercise its discretion under Fed. R. Civ. P. 4(m) to

extend the time for service, despite there being no showing of good cause. *See Capital Delivery*, 2012 WL 122569 at *2.

## II. Conclusion

Accordingly, having reviewed the Motions, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The defendant's **Motion to Dismiss** [**R. 11**] is **DENIED**.

2. The defendant's **Motion to Vacate** [**R. 13**] is **GRANTED**. The February 15, 2018 default judgment rendered by the Jefferson Circuit Court [**R. 1-2**] is **VACATED**.

3. The plaintiff **is GRANTED an extension of time up to and including Friday, November 30, 2018, within which to properly serve process on the defendant**. If the plaintiff does not properly serve the defendant with process within this time period, the Court will entertain a motion to dismiss this action without prejudice.

This the 30th day of October, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY