UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TKT-NECTIR GLOBAL STAFFING, LLC, | ) ) ) ) Civil Action No. 3:18-CV-099-CHB ) ) ) ) **MEMORANDUM OPINION AND** ) **ORDER ON MOTION TO DISMISS** ) **OR, ALTERNATIVELY, TO ABSTAIN** ) |
| Plaintiff, | |
| v. | |
| MANAGED STAFFING, INC, | |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Managed Staffing, Inc's ("Managed Staffing") Motion to Dismiss or, Alternatively, to Abstain [R. 20]. For the reasons explained below, the Court will deny the motion without prejudice and with leave to refile.

**I.     Motion to Dismiss**

The defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(4). It points out that "[t]he summons filed with the Court (which is the same as that served upon [the defendant]) did not comply with [Fed. R. Civ. P.] 4(a)(1)(F) and (G) because it was not signed by the Clerk of this Court, nor did it bear the seal of this Court." [R. 20 at p. 2] Defendant argues that these deficiencies show "disregard for the requirements of the federal rules" and should therefore not be considered curable. *Id.* at p. 3. The plaintiff's threadbare response is that 28 U.S.C. §1448 allows either completion of service or issuance of new process after removal, and that here, the plaintiff "simply completed process." [R. 21 at pp. 2-3] It also states that "[p]ointedly, in this matter, a summons had already been issued, multiple pleadings filed in the case [sic], previous service attempts [sic] TKT simply completed service process [sic] as provided by 28 U.S.C. §1448." *Id.* at p. 3.

The Court rejects the plaintiff's argument that it properly served process on the defendant. The summons filed with the Court at [R. 19] could not possibly have been completion of state court process, both because it is not on a summons form issued by the state court but rather is on AO440 (the form for summons in a civil action filed in federal court), and because – as with the penultimate attempt – it "was addressed neither to the Secretary of State [of Kentucky], nor to anyone found within the state of Kentucky." [R. 18 at p. 3; R. 19] Aside from the text of 28 U.S.C. §1448 (which does nothing to advance plaintiff's argument), plaintiff has not cited to any authority in support of its position to the contrary.

Nevertheless, the Court will decline to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(4). It is true that the Court previously stated that it would entertain a motion to dismiss this action without prejudice if proper service was not served by November 30, 2018. [R. 18] However, the Court is not yet convinced that the plaintiff's failure to serve proper process demonstrates disregard for the federal rules. The plaintiff has served new process which appears to suffer from basic but technical defects which are easily remedied. As previously noted, "Fed. R. Civ. P. 4(m) provides for additional time for a plaintiff to properly serve a defendant even where service has not been timely made" in the Court's discretion, and "the better practice is to quash insufficient service of process unless it is clear that the plaintiff cannot effect proper service." [R. 18 at p. 5] It is still not clear to the Court that the plaintiff cannot effect proper service, and despite the lack of good cause shown, it appears that the deficiencies in service are still not prejudicial to the defendant. The Court will therefore again exercise its discretion under Fed. R. Civ. P. 4(m) to allow the plaintiff an additional chance to properly serve <u>new</u> process on the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised to obtain summons issued by the Clerk of this Court, bearing both the Clerk's signature and the seal of the

Court, and then serve process as it did with the previous attempt. (As the defendant's only objection was to the deficiencies with the clerk's signature and the court's seal, the Court construes this as a waiver of any other objections to the defendant's latest attempt at service.) However, the plaintiff is further advised that the Court will not grant endless chances to effect service. The denial of the motion to dismiss is without prejudice and with leave to refile should proper service not be effected in accordance with the Court's order.

## II.  Motion to Abstain

The defendant asks that if the Court does not dismiss this action pursuant to Fed. R. Civ. P. 12(b)(4), that it alternatively "abstain from hearing this action due to the pending, previously filed Texas state court action." [R. 20 at p. 4] While it is true that "extraordinarily rare[ly]," it is appropriate for federal courts to abstain from exercising their jurisdiction due to the pendency of a similar state court action, *Total Renal Care, Inc. v. Childers Oil Co.*, 743 F. Supp. 2d 609, 613 (E.D. Ky. 2010), it is apparent that this motion is not yet ripe. The defendant itself argues that the defects in service (the absence of the signature of the Clerk of Court and the seal of the Court) means that "this Court still lacks personal jurisdiction over" the defendant. [R. 20 at p. 2] The Court cannot abstain from exercising what it does not have. Without personal jurisdiction, this Court is powerless to hear this case, and abstention is a pointless inquiry. As outlined above, the Court in its discretion is giving the plaintiff another chance to effect proper service on the defendant. Hopefully, proper service will be effected this time, but that is by no means a foregone conclusion. Accordingly, the Court will deny the motion to abstain without prejudice and with leave to refile after such time as proper service is effected (thereby clearing up the issue the defendant has raised as to personal jurisdiction).

Accordingly, having reviewed the Motion, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The defendant's **Motion to Dismiss** [**R. 20**] is **DENIED** without prejudice and with leave to refile should proper service not be effected in accordance with the Court's order. The defendant's **Motion to Abstain** [**R. 20**] is **DENIED** without prejudice and with leave to refile after such time as proper service is effected.

2. The plaintiff is **GRANTED** an extension of time up to and including **Thursday, June 20, 2019**, within which to properly serve process on the defendant.

May 20, 2019

*Claria Horn Boom*

Claria Boom, District Judge
United States District Court